UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JPMORGAN CHASE BANK, N.A.,

                       Plaintiff,

-against-

THE IDW GROUP, LLC,

                       Defendant.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/23/09

**ECF CASE**

08 Civ. 9116 (PGG)

ORDER

PAUL G. GARDEPHE, U.S.D.J.:

       WHEREAS the parties' February 17, 2009 joint letter requests an adjournment of the March 6, 2009 status conference in this case and modifications to the December 16, 2008 Civil Case Management Plan and Scheduling Order;

       It is hereby ORDERED that the March 6, 2009 status conference is adjourned until **Wednesday, March 11, 2009, at 10:00 A.M., in Courtroom 14C** of the United States Courthouse, 500 Pearl Street, New York, New York.

       It is further ORDERED that the following five numbered paragraphs shall replace paragraphs 6–10 of the December 16, 2008 Civil Case Management Plan and Scheduling Order:

6.     The parties must complete <u>fact</u> discovery no later than **May 4, 2009**.

7.     If all parties consent in writing, they may extend the following interim deadlines without application to this Court, provided that the parties complete all fact discovery by the date set forth in paragraph 6. Under this Order's interim deadlines, the parties must:

    a.     Complete depositions of fact witnesses by **May 4, 2009**.

        i.   Unless the parties agree or this Court so orders, the parties may not hold depositions until all parties have responded to initial requests for document production.

        ii.   There is no priority in deposition by reason of a party's status as plaintiff or defendant.

      iii. Unless the parties agree or this Court so orders, non-party depositions must follow initial party depositions.

      iv. Consistent with Federal Rule of Civil Procedure 30(d), the parties may not extend depositions beyond one business day without prior leave of this Court.

  b. Serve requests to admit no later than **April 20, 2009**.

8. <u>Expert Testimony</u>: If all parties consent in writing, they may extend the following interim deadlines without application to this Court, provided that the parties complete all expert discovery by the date set forth in paragraph 8(c).

  a. Every party-proponent that intends to offer expert testimony in respect of a claim – including any counterclaim, cross-claim or third-party claim – must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by **May 4, 2009**. Every party-opponent of such claim that intends to offer expert testimony in respect of such claim must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by **May 26, 2009**.

  b. No party may offer expert testimony – whether designated as "rebuttal" or otherwise – beyond the scope of the opinions that the aforesaid disclosures cover, except with leave of this Court, application for which must be made no later than 7 calendar days after the latter of the dates specified in paragraph 8(a). The parties may depose all experts, but such depositions must occur within the time limit set forth for expert discovery in paragraph 8(c).

  c. All <u>expert</u> discovery – including expert depositions, if any – must be completed no later than **June 15, 2009**.

  d. Plaintiff anticipates expert testimony concerning **damages**.

  e. Defendant anticipates expert testimony concerning **damages.**

9. <u>Settlement</u>: No later than 14 days following the close of fact discovery, all counsel must meet face-to-face for at least one hour to discuss settlement.

10. Parties may make post-discovery dispositive motions in accordance with this Court's Individual Practices and the following schedule:

  a. Parties must serve moving papers, if any, by **June 29, 2009**.

  b. Parties must serve opposition papers, if any, by **July 20, 2009**.

  c. Parties must serve reply papers, if any, by **July 29, 2009**.

Dated: New York, New York
       February 23, 2009

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge