UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JPMORGAN CHASE BANK, N.A.,

                                                  Plaintiff,

                -against-                            08 Civ. 9116 (PGG)

THE IDW GROUP, LLC,                      **OPINION AND ORDER**

                                                  Defendant.

PAUL G. GARDEPHE, U.S.D.J.:

        Before this Court is the parties' May 7, 2009 joint letter, in which Plaintiff JPMorgan Chase Bank, N.A. ("JPMorgan") requests: (1) an extension of the May 4 discovery deadline until May 19, 2009 for the limited purpose of taking the deposition of Darcy Zulpo, Director of Global Recruiting for Citadel Investment Group, LLC ("Citadel"); and (2) leave to serve a subpoena upon Zulpo by (a) sending a copy of a subpoena to Zulpo's place of business and residence by certified mail; (b) leaving a copy at Zulpo's residence and place of business with a person of suitable age and discretion; and (c) remitting a copy by electronic mail and certified mail to counsel for Citadel. Defendant The IDW Group, LLC ("IDW") objects to both requests.

        For the reasons set forth below, JPMorgan's requests are GRANTED.

## DISCUSSION

**I.    JPMORGAN'S REQUESTS AND IDW'S OBJECTIONS**

        In seeking this extension of the discovery deadline, JPMorgan submits that, "the fact that Ms. Zulpo may possess information in support of JPMorgan's case did not become apparent until the testimony of Ms. Weinstein, on March 13, 2009, and did not fully ripen until

JPMorgan deposed IDW's other recruiters, most recently on April 15, 2009, who, in large part claimed ignorance on these matters." (May 7, 2009 Letter, at 2)  Noting that this Court previously extended the discovery deadline until May 19, 2009 to allow for two other nonparty depositions, JPMorgan argues that granting this request will have "no impact on the current May 19 deadline." (Id. at 1)  In seeking leave to serve a subpoena by substitute means, JPMorgan states that its process server made unsuccessful attempts to personally serve Zulpo at her residence or place of business "on at least the following days:  April 16, 17, 18 (twice), 20, 21 (twice), 23, and 26." (Id.)  JPMorgan argues that substitute service would be "appropriate in light of the established inability to personally serve Ms. Zulpo", "would be calculated to provide Ms. Zulpo actual notice of the subpoena", and that Zulpo, "through her employer's counsel, is already well aware of the fact that JPMorgan seeks to depose her." (Id. at 3)

IDW argues against an extension on the grounds that:  (1) JPMorgan waited until April 15, 2009 to notice Zulpo's deposition, despite having "knowledge of Zulpo's relevance to this action as early as December 2008, and certainly as of early March 2009"; (2) JPMorgan "has not explained why it was unable to ascertain Zulpo's potential relevance until the middle of April"; (3) allowing JPMorgan to take additional depositions beyond May 4 "will prejudice IDW's ability to file a complete summary judgment motion" by the June 1, 2009 deadline; and (4) granting the request will require IDW's counsel to make another trip to Chicago to attend Zulpo's deposition, thereby increasing IDW's litigation expenses. (Id. at 4–5)  IDW also argues that JPMorgan's request for substitute should be denied because the majority of courts require personal service of a subpoena duces tecum and that "JPMorgan's dilatory tactics should not be rewarded by a decision rejecting the majority rule." (Id. at 5–6)

## II.     JPMORGAN'S REQUEST FOR AN EXTENSION IS GRANTED

Rule 26(b)(2) of the Federal Rules of Civil Procedure requires courts to limit the extent of discovery if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C). Here, IDW has not demonstrated that the discovery sought is unreasonably cumulative or duplicative or that JPMorgan has had ample opportunity to obtain this information by other means. Nor has IDW shown that the burden or expense to IDW outweighs the likely benefit to JPMorgan of granting permission to take Zulpo's deposition by May 19 – particularly given that the parties have until May 19 to conduct the deposition of Derek Kaufman, another nonparty witness.

Weighing the minimal prejudice to IDW against the liberal policy favoring discovery that "is relevant to any party's claim or defense", Fed. R. Civ. P. 26(b)(1), this Court concludes that good cause exists for allowing JPMorgan until May 19 to take Zulpo's deposition. Accordingly, this Court grants JPMorgan's request to extend the discovery deadline until May 19, 2009 so that it may depose Darcy Zulpo.

## III.    JPMORGAN'S REQUEST FOR SUBSTITUTE SERVICE IS GRANTED

With respect to the method of service, Rule 45(b)(1) provides that, "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that

person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1).  Thus, "the language of Rule 45 does not explicitly demand personal service of a subpoena"; indeed "[s]uch language 'neither requires in-hand service nor prohibits alternative means of service.'" Cordius Trust v. Kummerfeld, No. 99 Civ. 3200 (DLC), 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000) (quoting King v. Crown Plastering Corp., 170 F.R.D. 355, 356 (E.D.N.Y. 1997)).  As "[t]here is no Second Circuit case law interpreting the Rule 45 requirement of 'deliver[y]' as requiring personal service," Ultradent Prods., Inc. v. Hayman, No. M8-85 RPP, 2002 WL 31119425, at *4 (S.D.N.Y. Sept. 24, 2002), this Court joins other courts in this District in "holding that effective service under Rule 45 is not limited to personal service." Cordius Trust, 2000 WL 10268, at *2 ("[G]iven the textual ambiguity of Rule 45 combined with the repeated attempts of the plaintiff to effectuate personal service, and the cost and delay that would result by requiring further attempts at such service, plaintiff is permitted to serve Kummerfeld by certified mail.") (citing Fed. R. Civ. P. 1). See Ultradent Prods., 2002 WL 31119425, at *4 (concluding that service of subpoena duces tecum on third party SDM by certified mail was valid, "[g]iven that certified mail return receipt requested requires delivery to the addressee and proof of delivery, that the text of Rule 45 only requires delivery and not personal service, the precedent of Cordius, the verified actual receipt of the Subpoena by SDM, and the practical circumstances . . . in this case"); Medical Diagnostic Imaging, PLLC v. Carecore National, LLC, Nos. 06 Civ. 7764(CS)(THK), 06 Civ. 13516(VM)(THK), 2008 WL 3833238, at *2–*3 (S.D.N.Y. Aug. 15, 2008) (granting leave to serve nonparty with deposition subpoena by delivering copy of subpoena to his place of employment, mailing copy by first-class mail, and attaching copy of Court's order to subpoena, where there was "no question that

4

[nonparty] ha[d] notice that his deposition [was] being sought, and that service of agents at his businesses . . . [was] sufficient to provide him with actual timely notice").

Here, as in Cordius, "[b]ecause alternative service by means of certified mail reasonably insures actual receipt of the subpoena by the witness, the 'delivery' requirement of Rule 45 will be met, and [Zulpo] will be provided with fair and timely notice of [her] obligation to appear at a deposition." Cordius, 2000 WL 10268, at *2.  "Further, service by certified mail comports with due process as it is reasonably calculated under the circumstances to provide [Zulpo] with both notice and an opportunity to present objections." Id.[1]  Given that JPMorgan has attempted to personally serve Zulpo nine times, that Zulpo appears to be aware that JPMorgan seeks to depose her, and that the proposed alternative service methods are reasonably calculated to provide Zulpo with timely notice of her obligation to appear at a deposition, this Court grants JPMorgan's request for leave to serve Zulpo by substitute means.

---

[1] Briarpatch Ltd., L.P. v. Geisler Roberdeau, Inc., No. 99 Civ. 9623 (RWS), 2006 WL 1311967, at *2 (S.D.N.Y. May 12, 2006), which denied leave for alternative service of a subpoena duces tecum on a nonparty witness's business manager, is distinguishable, because there the proposed method of service was not among the "constructive service methods provided for under procedural law" and was not "reasonably calculated to provide timely notice to the third party witness."

## CONCLUSION

For the foregoing reasons, this Court grants JPMorgan's request to (1) take Darcy Zulpo's deposition on or before May 19, 2009; and (2) serve Zulpo by substitute means (i.e., by sending a copy of the deposition subpoena to Zulpo's place of business and residence by certified mail; leaving a copy of the deposition subpoena at Zulpo's residence and place of business with a person of suitable age and discretion; and remitting a copy of the deposition subpoena by electronic mail and certified mail to counsel for Citadel.

Dated: New York, New York
       May 11, 2009

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge