UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JPMORGAN CHASE BANK, N.A.,

Plaintiff,

-against-

08 Civ. 9116 (PGG)

THE IDW GROUP, LLC, and
PATRIK EDSPARR,

**OPINION AND ORDER**

Defendants.

PAUL G. GARDEPHE, U.S.D.J.:

Before this Court are applications from Plaintiff JPMorgan Chase Bank, N.A. ("JPMorgan") and Defendant The IDW Group, LLC ("IDW") seeking to compel certain discovery. IDW requests that JPMorgan provide: (1) meaningful calculations of its purported damages; (2) documents concerning JPMorgan's decision to close its Proprietary Positioning Group in 2008; and (3) documents relating to JPMorgan's dealings with other executive search firms. JPMorgan requests that IDW provide documents that relate or refer to: (1) ex-JPMorgan employees' responsibilities and/or terms and conditions of employment with Citadel or other entities; (2) the "extra-contractual" relationship between JPMorgan and IDW; and (3) confidential information that any JPMorgan employee or customer provided to IDW between February 1, 2007 and the commencement of this lawsuit.

For the reasons stated below, IDW's first and second requests are granted; IDW's third request is denied; JPMorgan's first and second requests are granted in part and denied in part; and JPMorgan's third request is granted.

## DISCUSSION

## I.    APPLICABLE LAW

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. 26(b)(1).  "This obviously broad rule is liberally construed."  Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991) (citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389 (1978)).  "In general, limitations on discovery are imposed only where the requested discovery is 'sought in bad faith, to harass or oppress the party subject to it, when it is irrelevant, or when the examination is on matters protected by a recognized privilege."  Melendez v. Greiner, No. 01 Civ. 7888 (SAS) (DF), 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003) (quoting In re Six Grand Jury Witnesses, 979 F.2d 939, 943 (2d Cir. 1992)).[1]  See Fed. R. Civ. P. 26(b)(2)(C) (requiring courts to limit frequency or extent of discovery:  (i) that "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; (ii) where "party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or (iii) where "burden or expense of the proposed discovery outweighs its likely benefit").

"Further, where a party resists discovery of certain information, the burden is on that party to clarify and explain precisely why its objections are proper."  Melendez, 2003 WL

---

[1] Cf. Collens v. City of New York, 222 F.R.D. 249, 253 (S.D.N.Y. 2004) ("While Rule 26(b)(1) still provides for broad discovery, courts should not grant discovery requests based on pure speculation that amount to nothing more than a 'fishing expedition' into actions or past wrongdoing not related to the alleged claims or defenses.").

22434101, at *1.[2]  "General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information."  Id.

## II.  DISCOVERY THAT IDW SEEKS TO COMPEL FROM JPMORGAN

### A.  Meaningful Calculations of JPMorgan's Purported Damages

IDW seeks to compel JPMorgan to provide meaningful calculations of its purported damages in response to IDW Interrogatory No. 17, which requests that:

> plaintiff provide an itemized list of all damages JPMorgan claims to have suffered as a result of defendant's allegedly unlawful actions, as well as the manner in which such amounts were calculated, the documents that support or relate to each amount claimed by plaintiff, and the identity of each person with knowledge of damages described by plaintiff.  (IDW Ltr. 1)

JPMorgan responds that it "will provide a computation as to each claimed category of damages and identify the documents relied upon in making that computation within five (5) business days of the production of [certain] information and documents by IDW."[3]  (Pltf. Opp. 3)

Local Civil Rule 33.3(a), however, requires JPMorgan to respond to this interrogatory based on the information presently available to it.  "Local Rule 33.3(a) provides in part that interrogatories directed to 'the computation of each category of damage alleged' are allowed at the commencement of discovery."  In re Veeco Instruments, Inc. Sec. Litig., No. 05 MD 1695 (CM) (GAY), 2007 WL 274800, at *2 (S.D.N.Y. Jan. 29, 2007) (quoting Local Civ. R.

---

[2] See also Condit v. Dunne, 225 F.R.D. 100, 106 (S.D.N.Y. 2004) ("Once any possibility of relevance sufficient to warrant discovery is shown, the burden shifts to the party opposing discovery to show the discovery is improper.") (citation and internal quotation marks omitted).

[3] As discussed below, JPMorgan argues that before it can "provide a meaningful itemization of its damages[]" it requires documents from IDW concerning:  (1) "the terms and conditions of employment of former JPMorgan employees placed by IDW with Citadel"; (2) "the extra-contractual relationship between JPMorgan and IDW"; and (3) "confidential information provided by JPMorgan to IDW. . . ."  (Pltf. Opp. 2–3)

33.3(a)).  In <u>In re Veeco</u>, the court directed the lead plaintiff to respond to interrogatories regarding loss causation and damages "based on the information available to it" and permitted the lead plaintiff to "supplement said responses as . . . appropriate after expert discovery."  <u>Id.</u> <u>See</u> <u>Shamis v. Ambassador Factors Corp.</u>, 34 F. Supp. 2d 879, 894 (S.D.N.Y. 1999) (finding damages interrogatory "within the express purview of Local Rule 33.3(a)" where interrogatory requested plaintiff to, "[w]ith respect to each category of damages alleged to have been incurred by plaintiff, set forth the basis for the calculation of damages in that category [and] [i]dentify any and all documents that support and form the basis of this calculation").

      As in <u>Shamis</u>, IDW Interrogatory No. 17 falls "within the express purview of Local Rule 33.3(a)."  <u>Id.</u>  Accordingly, "based on the information available to it," <u>In re Veeco</u>, 2007 WL 274800, at *2, JPMorgan must provide IDW with a meaningful calculation of its alleged damages, including the "manner in which such amounts were calculated," "the documents that support or relate to each amount claimed," "and the identity of each person with knowledge of damages described" by JPMorgan in its First Amended Complaint.  (IDW Ltr. 1 (quoting Interrog. No. 17))  Should JPMorgan subsequently receive additional documents from IDW that enable it to more precisely compute its damages, JPMorgan may supplement its response as it deems appropriate.

      Accordingly, IDW's request to compel JPMorgan to respond to IDW Interrogatory No. 17 is granted.

**B.**    **<u>Closing of Proprietary Positioning Group in 2008</u>**

      IDW also seeks to compel production of documents in response to its Document Request No. 19, which requests "[a]ll documents concerning the decision to close the Proprietary Positioning Group in 2008."  (Pltf. Opp. 3)  In the alternative, IDW states that it will withdraw Document Request No. 19 if JPMorgan stipulates "that it does not intend to seek any damages

from the closing of that group or any portion thereof." (IDW Ltr. 4) JPMorgan responds that,

"in the context of a relatively straightforward case for breach of contract and fiduciary duty," this

request is "overly broad, unduly burdensome, and not reasonably calculated to lead to the

discovery of evidence admissible in this action." (Pltf. Opp. 3) JPMorgan further contends that,

"[i]t is precisely for these reasons that the parties' agreements provide for liquidated damages."

(Id. at 3 n.1)

   In light of JPMorgan's statements at the December 16, 2008 conference, and its

failure to clearly disclaim damages concerning the closing of the Proprietary Positioning Group

("PPG") – JPMorgan's arguments are unavailing. At the December 16 conference, JPMorgan's

counsel stated that "in part, because of Mr. Edsparr's departure JPMorgan Chase has now had to

exit a certain portion of that proprietary trading business that it was in because of the inability to

have someone as good as him to run that particular business." (Dec. 16 Tr. at 3) JPMorgan's

counsel later stated, however, that JPMorgan did not "intend to show in this case that because

Patrik Edsparr left they got out of proprietary trading." (Id. at 8)

   While counsel's latter remark suggests that JPMorgan is not seeking damages

based on the closing of the PPG, the record is not clear. If JPMorgan is in fact seeking such

damages, IDW Document Request No. 19 is "reasonably calculated to lead to the discovery of

admissible evidence." Fed. R. Civ. P. 26(b)(1). See Armamburu v. Healthcare Fin. Servs., Inc.,

No. 02 Civ. 6535, 2007 WL 2020181, at *3 (E.D.N.Y. July 6, 2007) (ordering defendant to

produce canceled checks, bank statements, tax returns, applications for credit and information

regarding shareholder compensation, net worth, and transfer of assets because this "financial

information sought by plaintiff is relevant in calculating damages in this case, which are based

on defendant's net worth"). In asserting that this request "would capture all documents relating

to everything from the severance packages offered to terminated support personnel to the disposition of billions of dollars of assets," JPMorgan exaggerates the scope of IDW's query. (Pltf. Opp. 3)  Instead, this request is interpreted by the Court to target only those documents that JPMorgan relied upon, ex ante, in reaching its decision to close the PPG in 2008.[4]

Because JPMorgan has not met its burden to "clarify and explain precisely why its objections are proper", Melendez, 2003 WL 22434101, at *1, this Court directs JPMorgan to promptly provide the documents it relied on in deciding to close the PPG in 2008, or alternatively, to stipulate that it does not intend to seek damages resulting from the closing of the PPG, or any portion thereof.

C.    **Other Executive Search Firms**

IDW also seeks to compel production of documents concerning:  (1) "any agreements between JPMorgan and other executive search agencies to conduct searches for JPMorgan's Investment Bank Units" (IDW Doc. Req. No. 7); (2) "fees that JPMorgan paid to other executive search agencies to conduct searches on behalf of the Investment Bank" (IDW Doc. Req. No. 10); (3) "any searches that other executive search firms conducted for the Investment Bank" (IDW Doc. Req. No. 12); and (4) "any other search firms that have breached a non-solicitation provision contained in an agreement between [JPMorgan] and that other search firm at any time between January 2000 and the present" (IDW Doc. Req. No. 131).[5]  JPMorgan argues that these requests are overbroad, that JPMorgan has already produced certain responsive documents, that this sort of information is more appropriately the subject of deposition testimony, and that whether a fiduciary obligation exists is "'necessarily fact-specific to the

[4] JPMorgan's discussion of the rationale for liquidated damages provisions is premature.  Indeed, the cases that JPMorgan cites address the enforceability of liquidated damages clauses upon motions for summary judgment, not in the context of a discovery dispute.  (See Pltf. Opp. 3 n.1).

[5] (See Pltf. Opp. 4 n.2 (quoting Document Requests Nos. 7, 10, 12, and 13 of Defendant))

particular case.'"  (Pltf. Opp. 4–5 (quoting <u>Wiener v. Lazard Freres & Co.</u>, 672 N.Y.S.2d 8, 14,

241 A.D.2d 114, 122 (1st Dep't 1998))

   Given that JPMorgan has already provided IDW with certain responsive

documents, that the parties have now conducted multiple depositions concerning the information

IDW seeks, that determining the existence of a fiduciary obligation is inherently fact-specific,

and that three of the four requests contain no temporal restrictions, it appears that "the burden or

expense of the proposed discovery outweighs its likely benefit."  <u>See</u> Fed. R. Civ. P.

26(b)(2)(C)(iii) (directing courts to "consider[] the needs of the case, the amount in controversy,

the parties' resources, the importance of the issues at stake in the action, and the importance of

the discovery in resolving the issues").

   Accordingly, IDW's request to compel JPMorgan to produce documents

responsive to IDW Document Requests Nos. 7, 10, 12, and 131 is denied.

## III.  <u>DISCOVERY THAT JPMORGAN SEEKS TO COMPEL FROM IDW</u>

### A.  <u>Ex-Employees' Responsibilities and/or Terms and</u><br><u>Conditions of Employment at Citadel or Elsewhere</u>

   JPMorgan seeks an order compelling IDW to produce "[a]ll documents that relate

or refer to the responsibilities and/or terms and conditions of employment of former JPMorgan

employees with Citadel or any other person or entity other than JPMorgan."  (Pltf. Ltr., Ex. A at

5)  More specifically, JPMorgan requests that this Court order IDW to produce "all documents

relating to the responsibilities and/or terms [and] conditions of employment of Messrs. Edsparr,

Kaufman, King, Mazzella, Naud, Niccolai, and Picazo in their entirety, without redaction or

expurgation, pursuant to Request No. 5."  (Pltf. Ltr. 3)  IDW argues that "[t]here is no way in

which former JPMorgan employees' responsibilities, for a subsequent employer like Citadel[,]

would factor into calculating those damages."  (IDW Opp. 2)  IDW adds that "the precise level

of compensation Citadel paid Edsparr is irrelevant," that ex-JPMorgan employees William King

and Richard Mazzella fall "outside the non-solicitation provisions of the Recruiting

Agreements," and that IDW "has no documents regarding the first year compensation Citadel

paid [ex-JPMorgan employees] Derek Kaufman, John Naud, John Niccolai, or Jorge Picazo."

(Id.)

           With respect to IDW's relevance objections, JPMorgan implicitly concedes that it

only seeks "to know the departing employees' first year compensation at Citadel, which serves

as the base figure for the fee formula" used to calculate liquidated damages.[6]  (Pltf. Ltr. 2)

Given that IDW has no documents regarding the first year compensation paid to four of the

seven ex-JPMorgan employees, all that remains in dispute is whether IDW will provide

documents that relate or refer to the first year compensation that any person or entity other than

JPMorgan paid to Edsparr, King, or Mazzella following their departures from JPMorgan.  (See

id. at 3)  Because there appear to be legitimate factual and legal disputes as to whether King and

Mazzella fall within the Recruiting Agreements' non-solicitation provisions, and whether

Edsparr's compensation at Citadel is relevant to calculating liquidated damages, this Court grants

JPMorgan's request to compel IDW to produce documents that relate or refer to the first year

compensation that any person or entity other than JPMorgan paid to Edsparr, King, or Mazzella

following their departures from JPMorgan.

     **B.**      **Extra-Contractual Relationship between JPMorgan and IDW**

           JPMorgan also seeks to compel the production of documents that relate or refer

to:  (1) "the employment, potential employment, recruitment, or solicitation of any current or

former JPMorgan employee by Citadel or any other person or entity other than JPMorgan in the

---

[6] Apart from first year compensation, JPMorgan does not explain how disclosure of any other
post-JPMorgan employment term or condition is "reasonably calculated to lead to the discovery
of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

period from February 1, 2007 to the present" (Pltf. Doc. Req. No. 1); (2) "the terms and

conditions of IDW's engagement by JPMorgan to provide services to JPMorgan, including, but

not limited to, contracts, agreements, and drafts thereof" (Pltf. Doc. Req. No. 9); and (3) "IDW's

performance of any work or the provision of any services on behalf of JPMorgan in the period

from February 1, 2007 to the present" (Pltf. Doc. Req. No. 10).[7]

   With respect to JPMorgan Document Request No. 1, IDW argues that this Court

should not permit JPMorgan to "evade contractual terms that it negotiated and accepted" –

namely, the limited non-solicitation provision in the February 2007 Agreement and three

subsequent contracts.  (IDW Opp. 3)  IDW thus argues that its "recruitment of JPMorgan

employees outside the prohibited groups cannot constitute a basis for a breach of fiduciary duty

claim" and therefore that "documents regarding such conduct are not relevant to that claim."

(Id.)  IDW adds that because the "documents at issue contain highly confidential and proprietary

information concerning JPMorgan employees who may still work for plaintiff[,] [t]he disclosure

to anyone at JPMorgan of these employees' interest in leaving plaintiff may significantly harm

these third parties."  (Id. at 4)  With respect to JPMorgan Document Requests Nos. 9 and 10, this

Court accepts IDW's averment that it "has told plaintiff twice that it has produced all documents

responsive to those requests."  (Id. at 4 n.9)

   With respect to JPMorgan's Document Request No. 1, although JPMorgan's

Credit Hybrids Trading and Proprietary Positioning Groups may have been the only businesses

that were expressly off-limits to IDW, the solicitation of employees outside of those groups is

potentially relevant to JPMorgan's breach of fiduciary claim.  Under New York law, "it is

fundamental that fiduciary 'liability is not dependent solely upon an agreement or contractual

---

[7] (See Pltf. Ltr., Ex. A, at 2, 7 (quoting Document Requests Nos. 1, 9, and 10 of Plaintiff))

relation between the fiduciary and the beneficiary but results from the relation" (Restatement [Second] of Torts § 874, Comment b)."  EBC I, Inc. v. Goldman, Sachs & Co., 5 N.Y. 3d 11, 20, 799 N.Y.S.2d 170, 175 (2005).  To the extent that JPMorgan alleges a relationship of extraordinary trust, in which it assumed IDW was acting with Plaintiff's best interest in mind, JPMorgan Document Request No. 1 is "reasonably calculated to lead to the discovery of admissible evidence" pertinent to the breach of fiduciary duty claim.  See Fed. R. Civ. P. 26(b)(1).  With respect to documents containing highly confidential and proprietary information concerning current JPMorgan employees, pursuant to the parties' Confidentiality Stipulation (Docket No. 16), IDW may designate such documents "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it believes in good faith that disclosure of these documents to anyone at JPMorgan "may significantly harm these third parties."  (IDW Opp. 4)

Accordingly, this Court grants JPMorgan's request to compel IDW to produce documents responsive to JPMorgan Document Request No. 1 – subject to the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation, where applicable – but denies as moot JPMorgan's request to compel as to Document Requests Nos. 9 and 10.

## C. **Breadth of the Phrase "Confidential Information"**

JPMorgan also seeks to compel production of documents in response to its Document Request No. 13, which seeks, "[a]ll documents and materials provided by JPMorgan to IDW in the period from February 1, 2007 to the present, including, but not limited to, all documents relating to JPMorgan's business, clients, or employees."  (Pltf. Ltr., Ex. A at 8) JPMorgan asserts that it is entitled to this information under the February 2007 Agreement's confidentiality provision, which requires IDW to maintain the confidentiality of, and refrain from using or disclosing, the "confidential and/or proprietary, materials and information" that JPMorgan "or its employees or its customers" provided to IDW "or its personnel" "[d]uring the

10

term of this Agreement" (collectively "Confidential Information"). (Weinstein Decl., Ex. A ("February 2007 Agreement") ¶ 5)

    IDW disputes JPMorgan's claim that this provision "covers all information provided to IDW during the course of the agreement, <u>including information provided by JPMorgan employees and customers, and not just information provided in connection with IDW's recruiting efforts."</u> (Pltf. Ltr. 4) (emphasis added)  According to IDW, "the disagreement and ambiguity as to the meaning of the confidentiality clause [permits] the Court [to] consider extrinsic evidence[,]" which shows that JPMorgan's "proposed interpretation is contrary to the intent of the individuals who negotiated the February 2007 Agreement."  (IDW Opp. 4)  IDW adds that JPMorgan's proposed interpretation of the confidentiality provision "is inconsistent with the non-solicitation clauses in the Recruiting Agreements," "would nullify other contract provisions," and therefore "is impermissible."  (<u>Id.</u> at 4–5)

    In disputing whether the confidentiality provision entitles JPMorgan to this information, IDW misapprehends the applicable legal standard.  Under the liberal discovery rules, it is immaterial whether JPMorgan has a <u>contractual</u> right to obtain this information. Instead, because JPMorgan's request is "reasonably calculated to lead to the discovery of admissible evidence" that is relevant to its claims for breach of contract and breach of fiduciary duty, Fed. R. Civ. P. 26(b)(1), and IDW has not shown that any limitation on discovery applies, JPMorgan is entitled to the information it seeks in Document Request No. 13.  As with Document Request No. 1, IDW may designate documents and materials as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" where appropriate.

    Accordingly, JPMorgan's request to compel IDW to produce documents and materials responsive to JPMorgan Document Request No. 13 is granted.

## CONCLUSION

For the foregoing reasons, this Court:

(1) GRANTS IDW's request to compel JPMorgan's response to IDW Interrogatory No. 17;

(2) GRANTS IDW's request to compel JPMorgan to provide documents responsive to IDW Document Request No. 19;

(3) DENIES IDW's request to compel JPMorgan to provide documents responsive to IDW Document Requests Nos. 7, 10, 12, and 131;

(4) GRANTS in part and DENIES in part JPMorgan's request to compel IDW to provide documents responsive to JPMorgan Document Request No. 5;

(5) GRANTS JPMorgan's request to compel IDW to produce documents responsive to JPMorgan Document Request No. 1, but DENIES as moot JPMorgan's request to compel the production of documents responsive to JPMorgan Document Requests Nos. 9 and 10; and

(6) GRANTS JPMorgan's request to compel IDW to produce documents and materials responsive to JPMorgan Document Request No. 13.

JPMorgan and IDW are directed to produce the above-referenced responses, documents, and materials within seven (7) business days.

Dated: New York, New York
     May 19, 2009

                             SO ORDERED.

                             Paul G. Gardephe
                             United States District Judge